UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CERVANTES, an individual,<br><br>        Plaintiff,<br><br>  v.<br><br>546 HOLDING CO., LLC, d/b/a TAMARINE, a California limited liability company; and DOES 1 to 10, inclusive,<br><br>        Defendants. | No. 2:22-CV-00890-JAM-KJN<br><br>**ORDER DENYING MOTION TO DISMISS** |

546 Holding Co., LLC ("Defendant") moves the Court to dismiss Daniel Cervantes's ("Plaintiff") first amended complaint ("FAC") for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. See Mot. to Dismiss ("Mot."), ECF No. 17. Plaintiff opposed the motion. See Opp'n, ECF No. 20. Defendant replied. See Reply, ECF No. 21.

For the reasons set forth below, this Court DENIES Defendant's motion to dismiss.[1]

I. FACTUAL ALLEGATIONS

Plaintiff is a visually impaired and legally blind individual who requires screen-reading software to read online

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 14, 2023.

1

content. FAC, ECF No. 14, ¶ 1. Defendant is a California-based limited liability company that owns and operates Tamarine Restaurant in Palo Alto. Id. ¶ 5. The restaurant serves the public and is a public accommodation falling under the jurisdiction of the Americans with Disabilities Act (ADA). Id. ¶ 7. The restaurant's website purports to offer several features to customers, including reservations, online orders, gift card purchasing, private dining inquiries, catering service inquiries, lunch and dinner menus, photo galleries, social media pages, contact information, access to the restaurant's reviews and rewards, and information about the restaurant's location, hours and operation, and origin. Id. ¶ 5. Plaintiff alleges that he visited Defendant's website in May 2022 through Google's TalkBack screen-reader in order to make a reservation for Plaintiff and his friends during his upcoming visit to Palo Alto; Plaintiff also wanted to check the menu and look at pickup options. Id. ¶ 23. Plaintiff alleges that he encountered multiple barriers on the website that denied him full and equal access to the restaurant, namely: (1) misplaced and unclickable webpage links, including the menu and telephone links; (2) unlabeled graphics and links; (3) images without alternative text in the photo gallery; (4) inseparable strings of links read consecutively by the screen-reader; and (5) a reservations tab with an inoperable link. Id. ¶¶ 24-28. Plaintiff asserts that these barriers prevented him from navigating Defendant's website and have deterred him from both accessing the website and visiting the restaurant's physical location. Id. ¶ 30. Plaintiff states that he has traveled to Palo Alto in the past and travels to Palo Alto

approximately four times per year. Id. ¶ 35.

## II.   OPINION

### A.   Legal Standard

In considering a motion to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1) in a federal-question case, dismissal is appropriate where the alleged federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under FRCP 12(b)(6), the Court must accept the allegations in the FAC as true and draw all reasonable inferences in favor of Plaintiff. Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The FAC must possess more than "a formulaic recitation of the elements of a cause of action;" it must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).

With respect to disability claims, California's Unruh Civil Rights Act operates identically to the ADA and "borrows the ADA's substantive standards as the predicate for its cause of action" such that a violation of the ADA "necessarily constitutes a violation of" the Unruh Civil Rights Act. Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007), Arroyo v. Rosas, 19 F.4th 1202, 1212 (9th Cir. 2021).

B.   Analysis

    1.   Subject Matter Jurisdiction

Defendant claims that this Court lacks subject matter jurisdiction because Plaintiff cannot establish that he has suffered an injury in fact. Mot. at 7-14. Defendant raises several issues with the FAC, namely: (1) the purported coding issues Plaintiff alleges do not exist, upon a review by Defendant's expert on December 9, 2022; (2) Plaintiff has not alleged that he intends to return to Defendant's restaurant; (3) Plaintiff has not alleged that he was deterred from returning due to knowledge of illegal barriers to access to the restaurant; and (4) there is no immediate threat of future injury. Id.

Plaintiff first responds that Defendant's argument is procedurally improper because it goes to the merits of the case instead of standing. Opp'n at 4-6. Nevertheless, Plaintiff asserts that he has demonstrated an injury in fact because he encountered barriers related to his disability that interfered with his full and equal enjoyment of Defendant's restaurant, namely: (1) unclickable links for ordering online, browsing the menu, and making reservations and (2) unlabeled images, graphics, and links. Id. at 7. Plaintiff argues that these barriers deterred him from making an order online or making a reservation. Id. Plaintiff then refutes the mootness claims of Defendant's expert with his own expert, who claims that the purported barriers still exist. Id. at 8. Plaintiff also claims that he has sufficiently pled an intent to return to Defendant's restaurant because he has traveled to Palo Alto in the past and visits the area four times per year on average. Id. at 11-13.

4

The Court finds Plaintiff's argument persuasive.  A party may assert a factual attack on subject matter jurisdiction without converting their motion to dismiss into a motion for summary judgement and submit evidence outside of the pleadings for the court to review.  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (citing Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir.2003)).  When a factual attack is mounted, the opposing party must submit "affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Id.  To establish standing under the ADA, a plaintiff must demonstrate either (1) that they are currently deterred from visiting the defendant's establishment by accessibility barriers or (2) an injury-in-fact and an intent to return to the defendant's establishment.  Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1041 (9th Cir. 2008), Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015).  The Ninth Circuit has stated that it is not necessary for an ADA plaintiff to visit the physical location of an establishment to establish deterrence; it is sufficient for a plaintiff to have "actual knowledge" of an accessibility barrier that deters their use of the establishment.  C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1099 (9th Cir. 2017).

Defendant has mounted a factual challenge to the Court's subject matter jurisdiction and submitted the declaration of its expert, Craig Davis, to support its contention that Plaintiff's purported barriers do not exist.  See Davis Declaration, Exhibit 1 to Mot.  Plaintiff has responded to this challenge with the declaration of his own expert, Kannan Arumugam, who, upon review

of Davis' declaration and Defendant's website, asserts that Plaintiff's purported barriers still exist. See Arumugam Declaration, Exhibit 1 to Opp. Plaintiff has also stated that these purported barriers, of which he has actual knowledge, are currently deterring him from visiting Defendant's restaurant. In light of Plaintiff's allegations and his expert's declaration, the Court finds that Plaintiff has established standing under the deterrence theory. Thus, Defendant's subject matter jurisdiction challenge fails.

### 2. Failure to State a Claim

Defendant argues that Plaintiff has failed to allege any nexus between the alleged barriers on the Tamarine website and its physical location, as required by ADA. Mot. at 5. Defendant claims that the alleged technical problems that Plaintiff identified have no relation to whether Plaintiff's ability to access the restaurant's physical location has been impeded; Plaintiff also failed to allege that he ever ordered food online or tried to make a reservation. Id. at 6. As for reservations, Defendant asserts that the website does not have a reservations page because reservations are handled through a third-party, Yelp.com, over which Defendant has no control; but Defendant concedes that an inoperable reservations link might constitute a barrier. Id. at 6-7. Defendant also notes that Plaintiff fails to allege that he was unable to gather information necessary to visit the physical location through the website or by contacting the restaurant directly. Id. at 7.

Plaintiff responds that he has alleged a nexus between the website barriers and Defendant's restaurant through his

1 allegations that particular barriers located at particular
2 sections of the website prevented him from ordering takeout
3 online, placing a reservation, or calling the restaurant
4 directly.  Opp'n at 3-4.  Plaintiff claims that Defendant's
5 reference to Yelp.com is immaterial because Defendant's coding
6 practices prevented Plaintiff from navigating from the
7 reservation link on Defendant's website, which Defendant has
8 complete control over, to Yelp.com; Defendant also concedes that
9 an inoperable reservations link may constitute a barrier to the
10 goods and services of the restaurant's physical location.  Id.
11     The Court again finds Plaintiff's argument persuasive.  The
12 FAC must contain non-conclusory, factual allegations sufficient
13 "to raise a right to relief above the speculative level."
14 Twombly, 550 U.S. at 554.  To prevail on an ADA claim, a
15 plaintiff must show that (1) they have a disability that falls
16 under the ADA; (2) the defendant is a private entity that owns,
17 operates, or leases a place of public accommodation; and (3) the
18 plaintiff was denied access to the place of public accommodation
19 due to their disability.  Molski, 481 F.3d at 730 (citing 42
20 U.S.C. § 12182(a)-(b)).  Defendant does not contest Plaintiff's
21 demonstration of the first two elements.  As for the third
22 element, the Ninth Circuit has stated that instances of website
23 inaccessibility must contain a nexus between an establishment's
24 website and its physical location; the alleged inaccessibility of
25 the website must impede access to the goods and services of the
26 physical location.  Robles v. Domino's Pizza, LLC, 913 F.3d 898,
27 905 (9th Cir. 2019).  The Court finds that Plaintiff has
28 established the requisite nexus in the FAC in alleging that

Defendant's coding practices for its restaurant's website prevented Plaintiff from (1) ordering takeout, (2) making a reservation, and (3) calling the restaurant, all of which are services connected to the physical location of Tamarine Restaurant.  Accordingly, the Court finds that Plaintiff has alleged facts sufficient to maintain its ADA and state claims against Defendant.

        3.    <u>Supplemental Jurisdiction for State Claim</u>

In light of the Court's findings in favor of Plaintiff on his ADA claim and the Ninth Circuit's holding that an ADA violation is a per se violation of the Unruh Civil Rights Act, the Court will continue to exercise supplemental jurisdiction over Plaintiff's state claim.  <u>Lentini v. California Ctr. for the Arts, Escondido</u>, 370 F.3d 837, 847 (9th Cir. 2004).

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: March 2, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE